"O"

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| ROOSEVELT D. CANTON, </br></br>    Plaintiff, </br></br>    v. </br></br> MICHAEL J. ASTRUE, </br> Commissioner of Social Security, </br></br>    Defendant. | Case No. CV 07-05338 AN </br></br> MEMORANDUM AND ORDER |

Plaintiff Roosevelt D. Canton ("Plaintiff") seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner") denying his claim for Disability Insurance Benefits ("DIB") pursuant to Title II of the Social Security Act ("Act"). Both parties have consented to proceed before the undersigned Magistrate Judge. In response to the Court's Case Management Order, the parties have filed a Joint Stipulation ("JS"), in which Plaintiff raises two disputed issues.

**Disputed Issue #1**

Plaintiff principally contends a reversal of the Commissioner's final decision is warranted because the Administrative Law Judge ("ALJ") "ignored" and did not give specific and legitimate reasons for disregarding, his treating physician's opinion findings

about Plaintiff's lower back syndrome (JS at 3-4).

The Court finds Plaintiff's contention lacks merit for the reasons set forth in the Commissioner's opposing contentions (JS at 4-5), which are not refuted by Plaintiff's brief reply contentions (JS at 5). Additionally, the Court finds Plaintiff's contention lacks merit for the following reason. Contrary to Plaintiff's contention that the ALJ "ignored" Dr. Stakley's opinion and finding about Plaintiff's lower back syndrome, the ALJ's decision reflects he not only discussed Plaintiff's lower back syndrome, but he also gave specific and legitimate reasons for rejecting Dr. Stakley's finding. Specifically, the ALJ's decision reflects that, based upon Dr. Stakley's findings, Plaintiff "has some difficulties bending, stooping, and walking; however, there are no other limitations noted. . . . [t]hese limitations appear to be primarily related to the claimant's alleged back problem, for which he has not received any significant ongoing treatment." (AR at 13.) Further, the ALJ found that, even if the bending, stooping, and walking limitations were related to the Plaintiff's chronic conditions of diabetes and obesity, there was not any objective medical evidence establishing Plaintiff would be unable to perform sedentary work activities. (AR at 13.) The Court finds the ALJ gave a specific and legitimate reason for finding Dr. Stakley's opinion was insufficient to sustain a finding of disability. *Young v. Sullivan*, 911 F.2d 180, 183 (9th Cir. 1990).

### Disputed Issue #2

Plaintiff principally contends a reversal of the Commissioner's final decision is warranted because the ALJ erred at step three of the sequential analysis by finding Plaintiff's diabetes-induced neuropathy, and his alleged difficulty walking, bending, and stooping, did not meet or exceed Section 9.08A of the Listings (JS at 5-8). The Court finds Plaintiff's contention lacks merit for the well stated reasons set forth in the Commissioner's opposing contentions (JS at 8-9), which are not refuted by Plaintiff's brief reply contentions (JS at 9-10).

///

///

1 | Based upon the foregoing, it is ordered that judgment be entered affirming the
2 | Commissioner's final decision, and dismissing this action with prejudice.

4 | **IT IS SO ORDERED.**

7 | DATED: August 15, 2008

/s/
ARTHUR NAKAZATO
UNITED STATES MAGISTRATE JUDGE